HARBIN VS STEWART.

*As to the right of a County Treasurer to maintain an
action.*

1. Where an act of the Legislature repealed a power previous-
ly given to a Judge of the County Court, and Commissioners
of Roads and Revenue, to establish a poor house,—and re-
quired a sale by them of all property purchased with that
view—it was held—

First—That the judge and commissioners were alone au-
thorised to maintain an action against a purchaser of such
property.

Second—That the County treasurer could maintain no ac-
tion against the purchaser of the property sold, on the order
of the Court to collect the proceeds of the same.

On a writ of error to the Circuit Court of Autau-
ga County.

The defendant in error brought his action of as-
sumpsit, (as the County treasurer of Autauga,) in the
Circuit Court of that County, against the plaintiff;
and declared—

First—For money had and received, for the use of
the County.

Second—Upon an account stated.

Third—For corn sold and delivered, under an or-
der for a sale, made by the judge of the County Court
and commissioners of roads and revenue, upon the
breaking up of the *poor house* of that county—which
sum, the defendant in error, (it was alleged,) was di-
rected to collect, by an order of the judge and com-
missioners, aforesaid.

*Dargan*, for the plaintiff in error.
*Thorington*, contra.

COLLIER, J.—Several questions are raised, by the assigament of errors ; but the first, which brings to view the right of the defendant in error, to maintain the action, we consider decisive of the case.

By an act of the legislature, passed January, the seventh, eighteen hundred and twenty-eight, the judge of the County Court, and commissioners of roads and revenue of several Counties, (among which is Autauga,) are authorised, whenever they, or a majority of them shall deem it necessary, to purchase and receive title to any quantity of land, not exceeding one quarter section, the title to which is to be made to the judge of the County Court and his successors, and be the property of the County. It is further directed, that the judge and commissioners shall contract for building necessary houses, and that all subjects of charity shall be sent there, &c.

By an act of the twenty-fourth of November, eighteen hundred and thirty, the act of the seventh January, eighteen hundred and twenty-eight is repealed, as to Autauga, and it is made the duty of the judge of the County Court and the commissioners of roads and revenue of that County, " to sell and dispose of all property, both real and personal, that may have been purchased by virtue of that act, "on such terms as they may think the public good requires.

We have no law, which provides for the appointment of supervisors and trustees of counties, as there

is in some of the States, neither do our laws direct who shall assert, by suit, the rights of the County— nor is the County itself, *expressly* invested with authority to sue or be sued. Every case, then, touching the interests of a County, must depend upon its own peculiar circumstances.

The treasurer of a County is authorised to receive all monies belonging to the County—to keep accounts of receipts and disbursements—to report to the County Court, &c.: but no authority is given him to employ coercive measures to collect public dues.

In the absence of all express legislation, in this particular case, it would seem that the judge of the County Court, and commissioners of roads and revenue, can alone maintain the action. The act of November, eighteen hundred and thirty, authorises them to sell and dispose of, on such terms as they may think the public interest demands, the property appertaining to the *poor-house establishment.* This provision gives a discretionary power to the judge and commissioners, to sell either for cash or on time; and must, from the fitness of things, give them the right to coerce payment by suit, if it is withheld— and may, *quoad hoc,* be considered as constituting them a corporation.

*2Day's C In *Tilden vs Metcalf,** the Court inclined to the 250* opinion, that a resolve of the legislature, authorising part of a society to meet, make contracts, appoint officers and levy taxes, constitutes such society a corporation.

The treasurer certainly derives no authority from any act of the Legislature, to maintain this action;

nor can it have been imparted to him by the order of the judge and commissioners, which directs him to collect the demand in controversy. It is not such a liability as may be transfered by any form of assignment, even by persons acting in their natural capacity, so as to pass the legal right.

In as much then, as the action was brought by one not entitled to it, the judgment is reversed.